SETH P. SNOW & others *vs.* HENRY B. WILLIAMS.

Suffolk.   November 13, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Agency.   Broker.*

In an action by real estate brokers for a commission on a sale of real estate of the defendant the evidence, which was reported at great length, showed that in October, 1901, and February, 1902, the plaintiffs offered the property to the purchaser for $1,000,000 in cash, and he refused the offer, and that the defendant afterwards called in another broker who in November, 1902, concluded a sale of the property to the purchaser for $1,086,228, to be paid by assuming mortgages upon the property and to be placed upon it by the defendant amounting to $630,000, by $425,000 in securities to be taken at their face value, and by $31,228 in cash. *Held,* that on the evidence reported to the court it was not shown that the plaintiffs had anything to do with the trade which finally was made, or that they were in any way its efficient and predominating cause, and that the jury rightly were ordered to return a verdict for the defendant.

CONTRACT by the members of a firm of real estate brokers, to recover a commission of one per cent for effecting a sale of the Hotel Brunswick at the corner of Boylston and Clarendon Streets in Boston and of two buildings in the rear of the hotel on St. James Avenue and Clarendon Street. Writ in the Supreme Judicial Court dated December 30, 1903.

The case was tried before *Braley,* J. The properties in question were owned by the defendant, and were transferred by him to Frederick Ayer in November, 1902, according to the terms of a letter or memorandum dated September 11, 1902, addressed to C. F. Ayer, Esquire, attorney for Frederick Ayer, and signed by Edward H. Eldredge and Company, a firm of real estate brokers doing business in Boston, the letter having been made in duplicate, one original being assented to by C. F. Ayer as attorney for Frederick Ayer, and the other by the defendant. This letter was put in evidence, and it appeared therefrom that the defendant was to sell the property, the papers to pass on or before November 1, subject to certain conditions, the price to be paid for the two estates to be $1,086,228.60. There was a first mortgage for $400,000 on the Hotel Brunswick property, maturing December 16, 1908, and as a part of the transaction there were put upon the property a second mortgage for $100,000, maturing on the same date, and a third mortgage for $80,000 to run for two years. On the houses in the rear there was a mortgage of $50,000, making a total mortgage indebtedness of $630,000, leaving $456,228.60 to be paid in securities, credits and cash as follows: $200,000 by transfer to the defendant of $200,000 par value of preferred stock of the Westminster Chambers trust, $225,000 by the transfer to the defendant of $225,000 first mortgage bonds of the Carleton Hotel trust, the balance to be paid in cash.

The plaintiffs contended that, they having offered the properties to Frederick Ayer for $1,000,000 in cash in October, 1901, and in February, 1902, their efforts were the efficient and predominating cause of the trade which finally was closed by the defendant through the instrumentality and supervision of Edward H. Eldredge and Company, whom the defendant called in without the plaintiffs' knowledge or consent.

The evidence was reported to this court in a record of thirty-eight printed pages.

The defendant asked the justice to rule that upon all the evidence the plaintiff could not recover. The justice so ruled, and ordered the jury to render a verdict for the defendant. At the request of the plaintiffs, and by agreement of the parties, he reported the case for determination by the full court, with the reservation that if his ruling was wrong and there was any evidence to be submitted to the jury, judgment was to be entered for the plaintiffs in the sum of $10,862.28, with interest from the date of the writ; otherwise, judgment was to be entered on the verdict for the defendant.

*W. H. Baker*, for the plaintiffs.

*R. F. Sturgis*, for the defendant.

HAMMOND, J.   The evidence in this case is somewhat voluminous, but it has been carefully read and considered. It would serve no useful purpose to recite it in detail. We are of opinion that it is not sufficient to show that the plaintiffs had anything whatever to do with the trade which was finally made, or that they were in any way its efficient and predominating cause. The jury were rightly ordered to render a verdict for the defendant.

*Judgment on the verdict.*