Martin P. Bowes *vs.* Margaret E. Henry & another.

Worcester.   October 1, 1917. — October 23, 1917.

Present: Rugg, C. J., Braley, De Courcy, & Pierce, JJ.

*Broker.   Agency.*

Where the owner of land authorizes a real estate broker to sell it for him for $14,000 or $13,000 or possibly for $12,000 in cash above a bank mortgage of $4,500, and the broker fails to obtain a purchaser ready to pay the required price but produces two proposed purchasers each of whom is able and willing to pay for the land $11,000 in cash above the mortgage, and the landowner refuses these offers, but afterwards through another broker sells the land to another purchaser, not procured directly or indirectly by the first broker, for the price of $11,000 in cash above the mortgage, which he formerly had refused, all the transactions being in good faith, the first broker is entitled to no commission.

CONTRACT by a real estate broker for a commission alleged to be due to the plaintiff from the defendants, who were brother and sister and were the joint owners of certain land in Worcester with two houses thereon, for procuring a customer to buy this real estate.   Writ dated July 2, 1915.

In the Superior Court the case was tried before *White,* J.   The facts shown by the evidence are stated in the opinion.   At the close of the evidence, the judge ruled that upon the whole evidence the plaintiff was not entitled to recover and ordered a verdict for the defendants.   The plaintiff alleged exceptions.

*W. A. Garrity,* for the plaintiff.

*J. C. Mahoney,* (*S. H. Benoit* with him,) for the defendants.

PIERCE, J.   On May 26, 1915, under an oral contract, the plaintiff, a broker, was employed to sell the property of the defend-

ants for $13,000 or $14,000 in cash above a bank mortgage of $4,500. The plaintiff made efforts to sell the property at the listed price without success. On June 10, 1915, in consequence of an offer of $12,000, the defendants signed an agreement with the plaintiff, entitled "Real Estate Option," as follows:

"We, Margaret E. and John J. Henry, agree to sell the property at No. 64 and No. 68 Oread Street through M. P. Bowes, for $12,-000, owners agreeing to take $2,000 in a second mortgage at 6%, buyer paying $300 a year on the principal semi-annually, buyer agreeing to raise a first mortgage of $4,500 on No. 64, property to be sold in two deeds and second mortgage to be apportioned on the two properties. Option to hold good until June 18, 1915. No. 68 to be sold subject to a bank mortgage of $4,500."

Before the authorized offer of $12,000 was submitted to the prospective customer the option was revoked, as the defendants "did not wish to take a second mortgage on the property." As regards the authority of the plaintiff to sell the property, the revocation of the "Real Estate Option" left that right subject to a sale at the fixed price of the original contract, or at $12,000, upon the assumption of a modification of that contract implied in the option.

No reasonable construction of the acts of the parties results in a contract of employment to find a customer for the property at any price the defendants for any reason might thereafter accept. The undisputed facts would warrant the jury in finding that the plaintiff on June 13 and June 14, 1915, procured two customers who were ready, willing and able to buy the property at $11,000 upon the defendants' terms; and that on June 16, 1915, the plaintiff notified the defendants that the two customers would each give $11,000 for the premises, paying them in cash all above the bank mortgage. These offers were taken under advisement by the defendants, and in terms were never accepted nor rejected.

In March, 1915, the defendants had listed the property with three other brokers at $13,000 or $14,000. In June, 1915, one of the brokers, Marshall, made an offer of $10,000 in behalf of a customer named Press. This offer was rejected. On June 17, 1915, Marshall saw Press, offered the property to him at $12,500, then $12,000, and finally at $11,000. Press agreed to purchase the property paying $11,000 and in cash all above the bank mortgage.

This offer was communicated to the defendants by Marshall, was accepted by them, and an agreement to sell to Press was signed by them.

The only contract between the plaintiff and the defendants which the testimony tended to prove was to pay the plaintiff the customary commission should he succeed in selling the property at the original price fixed for its sale or for the sum of $12,000.

There was no evidence that the plaintiff ever procured a customer, ready, willing and able to pay for the property either amount upon the terms of the defendants; there was no evidence to warrant the jury in finding that the defendants agreed to sell the property to either of the customers presented to them by the plaintiff for a price less than $12,000, nor was there any evidence to warrant a finding that the actual purchaser was induced directly or indirectly to negotiate for and ultimately to buy the property through the efforts of the plaintiff. "One broker, who is unsuccessful in effecting a sale, does not become entitled to a commission upon the success of another." *Ward* v. *Fletcher*, 124 Mass. 224. *Gleason* v. *Nelson*, 162 Mass. 245. *Willard* v. *Wright*, 203 Mass. 406. *Woods* v. *Matthews*, 224 Mass. 577.

There is no evidence to warrant a finding of bad faith. *Smith* v. *Kimball*, 193 Mass. 582.

The Superior Court rightly ruled that on the evidence the plaintiff was not entitled to recover.

*Exceptions overruled.*