### ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

RAGNA M. NIELSON, petitioner.

Middlesex. March 29, 1920. — May 19, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL & JENNEY, JJ.

*Practice, Civil*, Exceptions. *Broker*, Commission. *Agency*, Existence of relation, Scope of authority, Agent's compensation. *Contract*, Implied.

In a bill of exceptions filed by the defendant in an action of contract by a real estate broker against a married woman, the owner of certain real estate, for a commission for procuring a sale of the real estate, the defendant alleged exceptions to refusals to grant rulings that upon all the evidence at the trial the plaintiff could not recover. Upon the evidence recited in the bill, it appeared that all of the plaintiff's negotiations were with the defendant's husband and that findings would not have been warranted that the defendant authorized them or had any knowledge that the plaintiff had been employed as a broker or that he had procured and introduced to her husband as a customer one to whom she finally sold the real estate, or that the plaintiff was the effective cause of bringing about the sale. The trial judge disallowed the bill as not conformable to the truth, and the defendant filed a petition for the establishment of her exceptions. A commissioner reported additional evidence that was introduced at the trial, upon which findings would have been warranted that the plaintiff was the efficient cause in inducing the purchase at the defendant's price, that the defendant's husband had told her of the employment of the plaintiff as a broker and that, knowing of the acts of her husband in her behalf and keeping silent, she had ratified and adopted his contract with the plaintiff. *Held*, that the proposed bill of exceptions was not conformable to the truth, and that the petition must be dismissed.

PETITION, filed in the Supreme Judicial Court on December 30, 1919, for the establishment of exceptions alleged to have been saved by the petitioner at the trial in the Superior Court before *Chase*, J., of an action of contract brought against her by one George I. Holland, the judge having disallowed the exceptions as not conformable to the truth.

A commissioner was appointed. Material facts found by him are described in the opinion.

The case was submitted on briefs.

*J. Cummings,* for the petitioner.

*E. A. Counihan, Jr.,* for Holland.

PIERCE, J. This is a petition to prove a bill of exceptions which was disallowed on December 16, 1919, as not conformable to the truth. The commissioner found that the bill of exceptions was duly filed on December 5, 1919; that a notice in writing thereof was given the plaintiff on the same day that all the requests for rulings were refused; that the petitioner seasonably saved exceptions to the refusal or failure to give the rulings prayed for; that an exception was duly saved to the passage in the charge which reads: "Not only the relation which existed between herself and her husband which of itself would not be sufficient to constitute an agent but which may be considered in connection with other things in that respect;" and that she did not except "to that portion of the charge as a whole so far as it was inconsistent with and did not fully cover her said seven requests for rulings."

The commissioner also found that the bill was disallowed without an opportunity to amend; that in the main the evidence is stated accurately and fairly; that the counsel was unable to obtain the stenographic transcript of the evidence until about the time of the hearing before the commissioner; that the counsel had to rely entirely upon his memory and his own notes; that some portions of the evidence were apparently inadvertently omitted and that the parties disagree as to materiality of the omitted evidence.

The action was one of contract express or implied, brought by a real estate broker to recover a commission on the sale of real estate owned by the petitioner. The husband of the petitioner owned and operated a grocery on the premises of his wife,

and was sued by the plaintiff for the same commission which is the subject of the action against the wife and, in addition, in a second count, for a commission on the sale of the grocery. The jury found for the plaintiff in each action, but a bill of exceptions was filed in behalf of the petitioner only in the case against the wife. We assume the verdict against the husband was upon the second count only. *Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576.

The evidence set out in the tendered bill of exceptions discloses that the husband of the petitioner and the owner and occupant of the store in the building on the land of the petitioner entered into negotiations with the plaintiff, as a broker in real estate, in regard to the sale of the real estate and the store; that the husband "wanted $7,000 for the building and $2,000 for the store;" that the plaintiff went to considerable trouble and expense to obtain a customer; that he received two offers of $8,500 for both real estate and the store; that the offers were instantly refused; that he advertised the matter in the Boston Globe without result; that he entered into an arrangement with one Owen, a real estate broker; that Owen sent to the plaintiff one Charles Avakian; that the plaintiff introduced Avakian to the husband who showed them through the building and store; that Avakian made an offer of $8,500 for both real estate and the store; that the offer was at once refused, the husband saying that he thought he did not want to sell for that price and would see his wife about it; that the husband never made any report to them; that nothing further was said or done to procure a purchaser on the terms above stated by the broker; that the negotiations were resumed by Avakian after several weeks or months, solely with the husband, who accepted $9,000 for both the real estate and the store, — the price originally asked; that a bill of sale of the store by the husband and a deed of the real estate by the wife were delivered to Avakian on June 23, 1916.

It further appeared that the wife lived at a distance from the store; that she was the owner of the real estate; that her husband never acted as her agent in the management of her affairs; that she always managed the real estate herself, and collected the rents; that when she was unable to do so she entrusted the management of it to her daughters; that she had never had any communication

with the plaintiff or with Owen, who both were strangers to her; that she had never authorized her husband to employ a broker to sell her real estate, and did not know that a broker claimed to have acted in the premises until after the writ was served upon her in the action.

At the close of the evidence the defendant in the original action asked the trial judge to rule "That upon all the evidence the plaintiff is not entitled to recover against the defendant, Ragna M. Nielson." The judge refused so to rule and submitted the case to the jury, who found for the plaintiff, and the defendant duly excepted.

The plaintiff would not have been able to recover on the facts set out in the proffered bill of exceptions. He was authorized to procure a purchaser able, willing and ready to buy the grocery for $2,000 and the real estate for $7,000. He found two persons who were willing to pay $8,500 for both the real estate and the grocery. The husband refused to accept either offer, the plaintiff remained inactive for weeks; the petitioner then sold her premises for $7,000, and her husband sold his grocery for $2,000 to one Avakian, who had offered to pay $8,500 for both store and premises. No facts are alleged to warrant an inference of bad faith, or to contradict the testimony of the petitioner that she had not authorized the employment of a broker to sell her property and had no knowledge that either Owen or the plaintiff had procured Avakian as a customer for the land and store. *Bruce* v. *Meserve*, 228 Mass. 463. *Bowes* v. *Henry*, 228 Mass. 341.

The commissioner found in addition to the facts appearing in the bill of exceptions that Avakian made an offer through Owen to the plaintiff of $9,000 for the store and land; that that offer was communicated to the husband, and by him to the petitioner. In addition, he also reported as material to the issues the direct and cross-examination of the petitioner. In the cross-examination in substance the petitioner testified that she first knew she was going to sell the real estate in June; that her husband told her so; that she told him the price she wanted for it; that he told her there was a man going to pay the price she wanted; that he told her who the man was; and that that man was Avakian. It is plain these additional facts were material, and if believed would authorize a finding that the plaintiff was the efficient cause in

inducing Avakian to buy the property at the petitioner's price. It would also warrant a finding that the husband of the petitioner had told her of the employment of the plaintiff to sell her real estate at her price, and that, knowing her husband's acts on her behalf, keeping silent, she ratified or adopted his contract with the plaintiff.

The commissioner's report further discloses that the exception taken to the charge is not fully understandable, separated from the immediately preceding parts of the charge, which are omitted in the proposed bill of exceptions. What has been said covers all the other requests for rulings.

It follows that the exceptions were not conformable to the truth within the meaning of the statute, and that the petition must be dismissed.

*Petition dismissed.*