MADELENE T. NICHOLS *vs.* FRED E. ATHERTON & another.

Franklin. September 17, 1924. — November 7, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Broker,* Commission. *Equity Pleading and Practice,* Appeal; Master: findings, inferences.

While findings, made in a suit in equity by a master in a report which included all the facts but did not include the evidence, must stand on an appeal from a final decree in the suit if they were not inferences from other facts found by him; if, on the other hand, such findings were inferences, it is the province and duty of this court to draw proper inferences from the facts found, unaffected either by the inferences drawn by the master or by a conclusion reached by a trial judge who heard the case on the master's report.

In a suit in equity to recover a commission alleged to have been earned in procuring a sale of real estate of the defendant, a second claimant to the commission was permitted to interplead as a defendant. A master who heard the suit found, in substance, that it was through the efforts of the plaintiff that the one who finally purchased the real estate became interested in the property and that, while the plaintiff performed other services in an endeavor to make a sale to the purchaser, he failed to induce the purchaser to agree to pay more than $60,000, that the defendant had not authorized the plaintiff to make a sale for less than $65,000 and that he refused the offer to purchase for $60,000. The second claimant, who also was a real estate broker and had been told by the defendant that the selling price was $65,000, interviewed the same person with whom the plaintiff had been negotiating and, after repeated efforts, induced him to offer to purchase for $63,000, and this offer the defendant accepted. The defendant acted in good faith without collusion with the second broker. The master drew the inference of fact that the plaintiff was the predominating and efficient cause of the sale and was entitled to receive the commission. A judge of the Superior Court adjudged that the services of the second broker and not those of the plaintiff were the predominating and efficient cause of the sale and a decree was entered in his favor. On an appeal by the plaintiff, it was *held,* that the inference drawn by the master was incorrect, that that drawn by the judge was correct, and that the final decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on November 28, 1923, seeking to establish a claim of the plaintiff for a commission on a sale of real estate of the defendant and

enjoining the defendant from paying such commission to W. Edward Mason instead of to the plaintiff.

The defendant answered, setting up the fact that both parties claimed a commission, and prayed that W. Edward Mason be required to interplead. Mason, by consent of the plaintiff and the defendant, filed an answer to the plaintiff's bill and a petition that the commission in question be paid to him. The suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard upon the master's report by *Lummus,* J., by whose order an interlocutory decree was entered confirming the report excepting a finding therein that the sale of the property of the defendant was the result of efforts and negotiations of the plaintiff, for which was substituted the following: " Upon the facts set forth in the master's report as confirmed by the court, the court finds that the services of the defendant Mason and not those of the plaintiff were the predominating efficient cause of the sale, that the plaintiff is not entitled to recover, but that the defendant Mason upon his intervening petition is entitled to recover from the defendant Atherton the agreed commission of two per cent upon $63,000, to wit, $1,260, with interest at the rate of six per cent per annum from January 16, 1924."

A final decree was entered ordering the defendant to pay to Mason the sum of $1,260 with interest from January 16, 1924, and that the plaintiff's bill be dismissed. The plaintiff appealed from both decrees.

*W. A. Davenport,* (*C. Fairhurst* with him,) for the plaintiff.

*T. R. Hickey,* for the defendants, submitted a brief.

CROSBY, J. This is a bill in equity to recover a broker's commission for the sale of real estate owned by the defendant Atherton, and to prevent the payment of that commission to the defendant Mason, another broker. Atherton, in his answer, alleges that the plaintiff and Mason both claim to be entitled to the commission, and prays that they be ordered to interplead. Mason filed an answer and contended therein that he had procured the sale and was entitled to the commission. The case was referred to a master who made certain findings of fact, and upon these facts found that the

sale of the property was the result of the efforts of the plaintiff, although such sale was completed on terms somewhat different from those offered through her. The case thereafter was heard by a judge of the Superior Court who, upon the facts found by the master, adjudged that the services of the defendant Mason, and not those of the plaintiff, were the predominating, efficient cause of the sale, and that he was entitled to the commission. An interlocutory and a final decree were entered in accordance with such finding, and the case is before us on appeal from those decrees. The evidence is not reported.

The question arises whether the master made a finding upon all the evidence that the plaintiff was the efficient, predominating cause of the sale, or whether he made that finding as an inference from the other findings made by him. If the former, it must stand. If, as we construe this finding, it was made as an inference from the other findings, then it is our province and duty to draw the proper inferences from the facts found, unaffected by the conclusion reached by the trial judge, as all the facts are stated in the master's report and so far as we are concerned do not depend upon the testimony of witnesses. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 333, 334. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 144. *Caines* v. *Sawyer*, 248 Mass. 368.

The question then is, What are the substantial facts upon which the master drew the inference that the sale was the result of the efforts of the plaintiff? Briefly stated, the facts found by the master are as follows: The plaintiff, a real estate broker, was requested by the defendant Atherton to find a customer for his property; he agreed to pay her a commission of two and one half per cent of the selling price, and told her his price was $65,000. The plaintiff then went to one Barney J. Michelman and tried to interest him in the property. He sent her to his brother Louis, and thereafter her negotiations were principally with the latter. The Michelmans became interested in the property and at their request the plaintiff ascertained that there were two mortgages thereon, and that Atherton, in case of sale,

would take a third mortgage from the purchaser. The plaintiff made inquiries of banks and individuals to induce them to assist the Michelmans in financing the purchase if they should decide to buy. She went to a bank official for this purpose who suggested that Michelman see him about it; this suggestion was communicated to both the Michelmans; soon afterwards they told her they would offer $60,000 for the property, which offer she communicated to Atherton who declined it and stated to her that his price was $65,000. He also told her that Mason had a customer for $65,000. The plaintiff did not see the Michelmans again before the property was sold to them.

The master also found that, while the plaintiff was attempting to bring about the sale, the defendant Mason, who was also a real estate broker, saw Atherton and asked about the property; that the latter told him the price was $65,000 and he agreed to pay Mason a commission of two per cent on the selling price. The latter brought a man to look at the property and spoke to others about it, and finally went to one of the Michelmans and tried to sell it to him. Michelman told him that the plaintiff had already spoken to him about it. Mason told Michelman that Atherton wanted $65,000 but that he thought it could be bought for $60,000; there was talk of an offer of $57,000 or $57,500, but nothing came of it. Mason then persuaded the Michelmans to put their offer in writing and make a deposit. Mason furnished the necessary information about boundaries and rentals, and a formal agreement by the Michelmans to buy and by Atherton to sell for $60,000 was prepared and signed by the Michelmans. Mason took this agreement to Atherton who refused to sign it, saying that he already had an offer of $60,000 and had " turned it down." The master further found that at a later interview Mason induced Atherton to cross off the signatures of the Michelmans on the agreement, to change the price to $63,000, and to make a few other changes therein; that then Atherton signed it; that Mason took it to the Michelmans and they signed it; and that the property was conveyed to them for $63,000. The consideration was paid with money loaned on mortgages by two

banks and a mortgage to Atherton. The master found that the defendants acted in good faith and that there was no collusion between them, but that both defendants knew that the purchasers had become interested in the property through the efforts of the plaintiff.

Upon the foregoing findings the master drew the inference of fact that the plaintiff was the predominating, efficient cause of the sale and was therefore entitled to recover the agreed commission of two and one half per cent on $63,000.

There is nothing to show and it is not contended that the plaintiff was given the exclusive agency in the sale of the property. The owner could employ others for that purpose if he so desired; therefore Mason could properly act in that capacity. The only price for which the plaintiff was authorized to find a customer was $65,000. Mason induced Atherton to accept and the Michelmans to pay $63,000. It is plain that the sale was finally consummated in accordance with the agreement procured by Mason. The only offer which the plaintiff obtained was one of $60,000, which she communicated to Atherton and he refused; and it was found that she did not see the Michelmans again before the property was sold to them, or make any attempt to obtain a higher offer.

Although it was through the efforts of the plaintiff that the Michelmans became interested in the property, and she performed other services in an endeavor to make a sale to them, she failed to induce them to agree to pay more than $60,000; and Atherton at no time authorized her to make a sale for less than $65,000. There was no evidence that would warrant a finding that the purchasers ever came to an agreement with the plaintiff to take the property at that price, or bought it upon information secured by her.

The finding of the master that the defendants acted in good faith and without any collusion between them, and the other subsidiary facts found, make it plain that the proper inference to be drawn therefrom is that the efforts of the defendant Mason were the efficient and predominating cause of the sale, and that he is entitled to the commission. *Ward* v. *Fletcher*, 124 Mass. 224. *Dowling* v. *Morrill*, 165 Mass.

491. *Crowninshield* v. *Foster*, 169 Mass. 237. *Snow* v. *Williams*, 190 Mass. 235. *Woods* v. *Matthews*, 224 Mass. 577. *Bowes* v. *Henry*, 228 Mass. 341. *Bruce* v. *Meserve*, 228 Mass. 463. *Cesana* v. *Johnson*, 232 Mass. 444.

It results that the interlocutory and final decrees must be affirmed.

*Ordered accordingly.*