VERNON W. JONES *vs.* CLARENCE CLARK.

Middlesex.    November 14, 1929. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Findings by judge, Appeal. *Broker,* Commission.

The principle of equity practice that, where a master or trial judge makes findings of facts and then draws certain inferences from those facts, the facts found are accepted as true but this court on appeal draws its own inferences unaffected by those drawn by the master or trial judge, is not applicable to actions at law.

The duty of drawing all proper inferences from the evidence in an action at law rests upon the fact-finding tribunal: the only question in this

connection open to review in this court is whether the inferences were permissible as a matter of law.

In an action in a district court by a broker for a commission, the trial judge found that the plaintiff was hired by the defendant to sell certain land; that he secured from a customer an offer to purchase for $9,000, to be paid by the assumption of a first mortgage on the land, by a payment of $1,000 in cash, the balance of the purchase price to be raised by the giving of a second mortgage; that the second mortgage was necessitated by the customer's lack of cash; that the defendant rejected such offer, stating that he must receive a total of $9,500 and the entire balance above the first mortgage in cash; that, while the plaintiff was attempting to bring the defendant and the customer into accord and before the plaintiff's agency was terminated, the property was sold to the customer through another broker for $9,000, the entire balance over the first mortgage being paid to the defendant in cash; and that the customer was enabled to pay that amount of cash by an arrangement made by the second broker whereby the customer gave a second mortgage on the land to a third person. It did not appear that the customer could not have arranged for the necessary second mortgage to a third person if his offer made through the plaintiff had been accepted. The judge found for the plaintiff and stated in his findings: "Upon the foregoing facts I find that the plaintiff was the efficient cause of the sale. I make this finding as an inference from my other findings and not upon all the evidence . . . so that the Appellate Division or the Supreme Judicial Court may draw the correct conclusion if I be in error." Upon appeal by the defendant from an order by an appellate division dismissing a report by the trial judge, it was *held*, that

(1) The only question before this court, with respect to inferences drawn from the facts by the trial judge, was whether they were warranted as a matter of law; the question was not whether this court would draw the same inferences;

(2) The facts found with all the inferences of which they properly were susceptible warranted the finding for the plaintiff;

(3) The order dismissing the report must be affirmed.

CONTRACT. Writ in the Fourth District Court of Eastern Middlesex dated July 11, 1928.

Material findings by the judge of the District Court are stated in the opinion. He found for the plaintiff in the sum of $315 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed. The evidence was set forth in the report by the trial judge.

*T. J. Maher*, for the defendant.

*A. M. McDonough*, for the plaintiff.

RUGG, C.J. This is an action of contract to recover a

commission alleged to be due the plaintiff as broker in being the efficient cause in bringing about a sale of real estate of the defendant. The trial judge incorporated in his report a finding of facts in substance as follows: The defendant engaged the plaintiff as agent to sell certain real estate. After a time the plaintiff secured an offer of $9,000 from a customer who had but $1,000 in cash and would have to raise by a second mortgage the rest of the purchase price above a first mortgage. This offer was reported to the defendant who rejected the offer saying that he must receive $9,500 and the cash above the first mortgage. The plaintiff continued to have interviews with the customer and the defendant attempting to get the owner to accept $9,000 and the customer to pay $9,500 but without success. While the plaintiff was making these efforts and before his agency was terminated, the defendant through another broker accepted an offer of $9,000 from the same customer and the sale was completed. That other broker arranged for a second mortgage to be given by the customer to a third person. It was necessary for the customer to place a second mortgage because he did not have money enough to pay in cash the part of the purchase price above the first mortgage, and the defendant insisted upon receiving that in cash. It did not appear that the customer could not have arranged for the required second mortgage to a third person if his offer of $9,000 made through the plaintiff had been accepted. The finding then proceeds in these words: "Upon the foregoing facts I find that the plaintiff was the efficient cause of the sale. I make this finding as an inference from my other findings and not upon all the evidence, within the principle of *Nichols* v. *Atherton*, 250 Mass. 215, as set forth at page 217, so that the Appellate Division or the Supreme Judicial Court may draw the correct conclusion if I be in error."

The principle stated in *Nichols* v. *Atherton, supra,* is that in equity, where a master or judge makes findings of facts and then draws certain inferences from those facts, the facts found are accepted as true but this court draws its

own inferences unaffected by those drawn by the trial magistrate. The findings of fact thus made are in the nature of documents to be interpreted. This is familiar equity practice and is illustrated by many decisions, several of which are cited in *Nichols* v. *Atherton, supra,* which was a suit in equity. *Barrows* v. *Fuller,* 253 Mass. 79, 83. This is not correct practice in actions at law. The duty of drawing all proper inferences from the evidence in an action at law rests upon the fact-finding tribunal. It is not the function of this court to pass upon the weight of evidence including the inferences reasonably to be drawn therefrom. The obligation to draw such inferences cannot be placed upon this court even when the evidence is reported in full. *Boucher* v. *Salem Rebuilding Commission,* 225 Mass. 18, 19. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 522. *Lennon* v. *Cohen,* 264 Mass. 414, 426. The contrast between equity practice and practice at law is stated in *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143, 144, where many cases are collected. The paragraph of the report of the trial judge containing the reference to *Nichols* v. *Atherton, supra,* must be disregarded.

The findings of fact as made and the evidence reported must form the basis on which the questions of law presented must be decided. We cannot review the inferences drawn by the trial judge. The only question in this connection is whether as matter of law the inference was permissible; it is not whether we should draw the same inference.

The general finding of the trial judge imports a finding of all subsidiary facts and the drawing of all permissible inferences in its support. *Adams* v. *Dick,* 226 Mass. 46, 52. *Erickson* v. *Ames,* 264 Mass. 436, 441. *Brotkin* v. *Feinberg,* 265 Mass. 295, 298.

The findings made cannot be pronounced unsupported by the evidence. The requests for rulings were dealt with rightly. They need not be examined one by one. The facts found with all the inferences of which they were susceptible warranted the general finding for the plaintiff. The case is somewhat close but in our opinion it is governed in every essential feature by *Hall* v. *Grace,* 179 Mass.

400. The controlling principles are stated at length in the opinion in that case by Holmes, C.J., and need not be repeated. *Cohen* v. *Ames,* 205 Mass. 186. *Maxwell* v. *Massachusetts Title Ins. Co.* 206 Mass. 197. It is unnecessary to review the decisions.

*Order dismissing report affirmed.*