*Northern District*

No. 5500

**MUZI MOTORS, INC.**

v.

**MICHAEL CARUSO**

(March 30, 1961)

*Present:* Eno, J. (Presiding), Brooks and Northrup, JJ.

Case tried to *Connolly, J.,* in the Second District Court of Eastern Middlesex. No. 9821 of 1960.

*Northrup, J.* This is an action of contract to recover on a check for $560, given by the defendant to the plaintiff, in payment of a bill for labor and materials in repairing the defendant's motor vehicle. The defendant filed a general denial and plea of no consideration.

The defendant also filed a declaration in set-off for $560 for money had and received to the defendant's use.

*At the trial there was evidence tending to show that* in March 1960 the defendant's motor vehicle, a 1956 Chrysler sedan, was damaged in an accident and that the defendant called McMullen's Automotive Service of Newton to tow his automobile from the scene of the accident and to repair the same. The defendant testified that he received an estimate of the cost of repairs from McMullen's Automotive Service of between $100 and $200.

On April 15, 1960 the defendant was notified by said McMullen that his automobile was ready and that he should pick it up at the plaintiff's shop. The defendant then went to the plaintiff's place of business and asked if his car was ready and if the work had been completed. He was shown his car and told that it was ready and that the work had been done. The plaintiff then asked the defendant to sign a repair order purporting to authorize the work. This order set forth in detail the parts required for repair, the charge for each part, and the charge made for labor. The total amount of the bill came to $560.

The defendant signed the order but claimed that he did not read it before he signed it and that when he signed it he was ignorant of the contents of the same. The defendant then refused to pay the repair bill claiming that the cost of repairs should not have ex-

ceeded the $200 estimate and that second hand replacement parts should have been used. The order signed by the defendant also contained a statement immediately above the signature of the defendant to the affect that the defendant acknowledged an express mechanic's lien on the automobile to secure payment of the. bill for repairs. The plaintiff claimed such a lien and refused to permit the defendant to take his car unless the repair bill was paid in full.

The following day the defendant returned to the plaintiff's place of business "apologized", gave the plaintiff a check for the full amount of the bill and took his automobile. The defendant testified that on his way home the left front wheel of his car, which was in the area where the car had been damaged, almost fell off. The defendant stopped payment on the check given to the plaintiff as a result of which this action was brought.

At the conclusion of the evidence and before final arguments the defendant filed seven requests for rulings, four of which were allowed and three of which were denied. The three latter requests read as follows:

"2. The evidence is insufficient to warrant a finding for the plaintiff."

"4. The plaintiff is not entitled to recover if there was no privity of contract between it and the defendant. *Boston Ice Company v. Edward Potter*, 123 Mass. 28. See also *LaChance v. Rigoli*, 325 Mass. 425, 427."

"7. The evidence is insufficient to warrant a finding that the defendant ratified the plaintiff's actions in repairing his automobile."

In denying defendant's request for ruling No. 4, the court stated that it was not applicable to the facts found and further amplified this statement by adding that it found privity of contract between the plaintiff and the defendant.

The trial court found for the plaintiff and assessed damages in the sum of $560. The trial court also found for the plaintiff (defendant in set-off) on the declaration in set-off filed by the defendant. The report presents the question of the correctness of the trial court's rulings on the defendant's requests Nos. 2, 4, and 7. We find no error in the trial court's rulings on said requests.

█ The plaintiff's No. 2 request raises the question of the sufficiency of the evidence to support a finding for the plaintiff. An appellate court in determining whether or not the evidence is sufficient to warrant a finding must, in considering the same, act in conformity with the following well settled principles of law, to wit:

1. A trial court's finding must stand if it is permissible upon any reasonable view of the evidence. *Kennedy Bros. Inc. v. Bird,* 287 Mass. 477; *Adams v. Dick,* 226 Mass. 46, 42; *Morse v. Old Colony Tr. Co.,* 246 Mass. 139, 143; *Jones v. Clark,* 272 Mass. 146, 149.

2. Testimony even though uncontroverted need not be believed by the trial court. *Gordon v. Bedard,* 265 Mass. 408, 411; *Guinan v. Famous Players-Lasky Corp.,* 267 Mass. 501, 518.

3. "The general finding of the trial judge in favor of the plaintiff imports the finding of subsidiary facts and the drawing of all rational inferences essential to that conclusion." *Kennedy Bros. Inc. v. Bird,* 287 Mass. 477, 484.

4. An appellate court is required to examine the testimony in the light most favorable to the prevailing party and to assume, in the absence of binding admissions or contrary findings of fact, that the trial court believed only such portion of the credible testimony of each witness as supported its findings and rejected such portion of the same as was repugnant thereto. *Lowell v. Boston Storage Warehouse,* 280 Mass. 234; *Guinan v. Famous Players-Lasky Corp.,* 267 Mass. 501, 518.

The propositions of law advanced by the defendant are not without some merit, but his cause fails for the reason that his argument is based upon an erroneous major premise. The defendant takes the testimony most favorable to him, assumes improperly that the trial court made findings of fact in accordance therewith, and then bases his argument upon this erroneous assumption. The issue in this case is not whether the facts warrant a finding

for the defendant, in which case facts most favorable to the defendant would be assumed, but whether the evidence warranted a finding for the plaintiff, in which case the facts most favorable to the plaintiff must be considered.

The trial court was not obliged to believe any part of the defendant's testimony. Specifically it was not obliged to believe that McMullen's Automotive Service had given the defendant any estimate of repairs as alleged, nor was the trial court obliged to believe that the defendant did not read the order before he signed it, or that he was ignorant of the contents of the same. Insofar as these facts may affect the general finding by the court, it must be assumed that the court found otherwise. Incidentally, an examination of the photostatic copy of the printed order signed by the defendant which was appended to the report shows the items and costs of repairs so clearly and in such detail, that it is difficult for one to believe that the defendant signed the order in complete ignorance of its terms and provisions.

There was evidence from which the trial court was warranted in finding that the defendant, with full knowledge of the contents of the order which he signed, and the legal effect of the same, voluntarily agreed to the repairs having been made by the plaintiff, and agreed also to pay the amount charged therefore as set forth in the order. Obviously upon such facts the trial court's finding was

warranted and consequently the plaintiff's request No. 2 was properly denied.

It is equally apparent that, since the court found privity of contract between the plaintiff and the defendant, and since there was evidence warranting such a finding, requests Nos. 4 and 7 were also properly denied. It follows therefore that the report must be dismissed.

*So ordered.*

S. E. Kaufman of Boston, for the Plaintiff.
D. W. Cronin of W. Newton, for the Defendant.