## HENRY B. WARD *vs.* MARTHA P. FLETCHER.

Suffolk. March 6. — 18, 1878. COLT &᾽ SOULE, JJ., absent.

Evidence that a real-estate broker was requested by the defendant to sell a lot of land for a certain price; that the defendant agreed to pay a specified commission if the broker got the price; that the broker named a person as likely to buy the land, and went to see him about it, and that this person did afterwards buy the land through another broker for the same price, will not entitle the first broker to maintain an action against the defendant for the commission, there being no evidence of usage, or that the defendant agreed that the plaintiff should have the exclusive right to sell the land, that the purchaser came to any agreement with the plaintiff to take the land at that price, or bought the land upon information received of him.

CONTRACT, by a real-estate broker, to recover a commission on the sale of a lot of land in Cambridge to the defendant.

At the trial in the Superior Court, the plaintiff testified that the defendant's husband called his attention to the lot in November, 1875, and said he would like to have him undertake to sell it; that on December 20, 1875, the defendant came to his office and repeated the request, and agreed to pay him the commission sued for, if he got $7200; that he told her he knew of a man who was looking for a lot, gave the man's name, and agreed to go, and did go, to see him, and told him where the lot was and who owned it, and its price; that the man said he thought the lot would do, and would go and look at it.

There was also evidence that the man to whom the plaintiff went did not go to see the land, but bought it for $7200 through another broker on January 1, 1877, on his wife's looking at it and being satisfied with it.

At the request of the defendant, *Putnam*, J., ruled that the plaintiff could not, upon the evidence, maintain the action; directed a verdict for the defendant; and reported the case for the consideration of this court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be ordered.

*S. J. Thomas*, for the plaintiff.

*G. A. Torrey*, for the defendant.

GRAY, C. J. The only contract between the parties, which the testimony of the plaintiff tended to prove, was that the defendant promised to pay him the commission sued for, if he sold the land for her at a certain price. There was no evidence of usage, or that the defendant agreed that the plaintiff should have the exclusive right to sell the land; and no evidence that would warrant the jury in finding that the purchaser either came to an agreement with the plaintiff to take the land at that price, or bought the land upon information received from him. One broker, who is unsuccessful in effecting a sale, does not become entitled to a commission upon the success of another. It was therefore rightly ruled that this action could not be maintained. *McGavock* v. *Woodlief*, 20 How. 221. *Earp* v. *Cummins*, 54 Penn. St. 394. *Wylie* v. *Marine National Bank*, 61 N. Y. 415. *Loud* v. *Hall*, 106 Mass. 404, 407. *Judgment on the verdict.*