FRED F. BLANCHARD *vs.* LIBERTY TRUST COMPANY.

Suffolk.    October 22, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Broker*, Commission.

At the trial of an action by a broker against a bank for a commission for procuring a customer for the purchase of certain real estate which the bank had been compelled to take upon foreclosure of a mortgage that had been placed at the request of the plaintiff, there was evidence warranting findings that the plaintiff personally had nothing to do toward effecting the sale; that another agent, whom he procured to assist him, never saw the purchaser, N, but did see a third broker who previously had been employed by N in many transactions and who refused to deal with property that the plaintiff had to do with and did not even call the property in question to the attention of N; that the third broker later entered into negotiations with a fourth broker looking toward a sale of the property in connection with a loan by the defendant to N upon another piece of property, but that these negotiations fell through; that, later, N wished a loan upon still a third piece of property and with the third broker saw officers of the defendant who later informed the third broker that the defendant would make the loan sought if N would buy the property in question; and that that transaction was carried through. *Held*, that findings that the plaintiff was not the efficient cause of bringing about the sale, and for the defendant, were warranted.

CONTRACT upon an account annexed for $1,250, alleged to be due to the plaintiff as commission for procuring a sale of an apart-

ment hotel, known as the "Warwick," formerly known as the "Dagmar," in Boston. Writ in the Municipal Court of the City of Boston dated February 20, 1918.

The evidence at the trial in the Municipal Court is described in the opinion. The plaintiff asked for rulings (1) that upon all the evidence "as a matter of law" the plaintiff was entitled to recover, and (2) that the plaintiff was "entitled to recover notwithstanding the fact that the contract of sale was made behind his back if the plaintiff and his agent, Begley, suggested the form and method of the transaction and was the efficient cause of bringing about the sale." These rulings were refused. There was a finding for the defendant and, at the plaintiff's request, the case was reported to the Appellate Division, who dismissed the report. The plaintiff appealed.

*W. R. Bigelow,* for the plaintiff.

*C. F. Eldredge,* for the defendant.

DE COURCY, J. This action was brought to recover a broker's commission for making a sale of the "Warwick," an apartment hotel in Boston. The trial judge found for the defendant; and the report to the Appellate Division of the Municipal Court was ordered dismissed. The plaintiff's appeal raises the question whether he was aggrieved by the refusal of the trial judge to give two rulings requested.

In view of his decision we must assume that the judge credited the evidence most favorable to the defendant, — and that warranted the finding of the following facts: The defendant had held a mortgage on the Warwick hotel, and had been obliged to foreclose it and bid in the property. The defendant's treasurer, Sturges, asked the plaintiff in the spring of 1917 to get them out of it as he had induced them to take the mortgage. The plaintiff himself did nothing toward effecting the sale in question. He secured one Begley to assist him. Begley never saw Niles, the purchaser, in connection with this matter. He did see one Monk, who was employed as a broker by Niles in many transactions; but Monk refused to deal with property that Blanchard had to do with, and did not even call the Warwick property to the attention of Niles. In May or June, 1917, the sale of this property was brought to the attention of Monk by one Ball, another real estate broker, and there were negotiations then for a sale, in connection

with a proposed mortgage loan by the defendant to Niles on the St. Cloud property, so called. Nothing came of this transaction. Later, in January, 1918, Niles wanted to procure a mortgage of $80,000 on the Hotel Gladstone, to replace a maturing loan. With Monk he saw some of the defendant's officers. Later Monk was informed that if he persuaded Niles to buy the "Warwick," the defendant might loan the money on the Gladstone; and after various negotiations this arrangement was consummated in February, 1918. Apparently the sale of the Warwick hotel to Niles was a subordinate part of a transaction whose main purpose was to obtain a mortgage loan on the Gladstone property.

Manifestly the plaintiff was not entitled to the first ruling requested. The judge was warranted in finding that this sale was an independent transaction with which neither the plaintiff nor Begley had anything whatever to do. The second request assumes that the facts were as testified to on behalf of the plaintiff. But the judge found adversely to the plaintiff's contention that he was "the efficient cause of bringing about the sale;" and there was no evidence that the plaintiff "suggested the form and method of the transaction." *Whitcomb* v. *Bacon*, 170 Mass. 479. In short, the request was not applicable to the facts as found.

*Order dismissing the report affirmed.*