JOHN ALMON *vs.* WILLIAM J. DONLAN, trustee.

Middlesex.   May 16, 1929. — June 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Broker*, Commission.

At the hearing by a judge of a district court of an action of contract for a broker's commission alleged to have been earned in the procuring of a sale of real estate of the defendant, there was evidence that a religious corporation had been desirous of purchasing a site for a church but had not appointed nor authorized any committee or board to procure a site; that the pastor of the church, seeing a sign of the plaintiff on the defendant's land, talked with him and he gave the pastor prices after getting the information from the defendant but without telling the defendant at any time that he had a prospective purchaser; that there were no further dealings between the plaintiff and the defendant; that the next month a member of the religious corporation was told by the defendant the price for the lots, and, at a subsequent meeting of the corporation, the subject was discussed and later the lots were purchased by the corporation; but that no mention was made by any one connected with the church of the plaintiff's interest in the sale. *Held*, that
  (1) The evidence did not warrant a finding that the plaintiff was the efficient cause of the sale;
  (2) The plaintiff was not entitled to a commission.

CONTRACT for a commission, alleged to have been earned by the plaintiff in procuring a sale of real estate of the defendant. Writ in the Second District Court of Eastern Middlesex dated July 13, 1927.

The judge of the District Court found for the plaintiff in the sum of $175, and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

*J. A. McCarty,* for the defendant.

*P. J. Dowd,* for the plaintiff.

CROSBY, J. This is an action to recover a real estate broker's commission. The defendant, as trustee under the will of Catherine J. Donlan, was the owner of a tract of land in Waltham, consisting of seventy-two lots; many of these lots have been sold. On the tract there were advertising signs of several real estate brokers, including one of the plaintiff. In June, 1926, a Swedish religious corporation in Waltham was desirous of purchasing a site suitable for the erection of a church. No committee was appointed for such purchase and no board or committee had authority to procure a site. The pastor of the church saw the plaintiff's sign on the land in question, visited him, and made inquiry respecting available sites. The plaintiff showed him several lots and finally the pastor requested him to ascertain the prices of those numbered 13 and 34, and report to him. The plaintiff saw the defendant and was informed as to the prices of these two lots. Neither at this interview nor at any other time did he mention that he had a prospective purchaser, and no further dealings were ever had between him and the defendant respecting the lots, but he did inform the pastor of the prices of them. On July 5, 1926, one Johnson, a member of the church, met the defendant on the street and was told by him that the price of the lots in question was $3,500. Some days later a meeting of the members of the church was held and the purchase of the lots was discussed; a week or ten days thereafter an agreement was entered into between the defendant and the church, and subsequently the lots were purchased by it from the defendant. During all this time no mention was made by any one connected with the church of the plaintiff's interest in the sale, nor had he ever discussed the matter with the defendant.

At the close of the evidence the defendant requested the trial judge to rule that on all the evidence there must be a finding for the defendant. This ruling was refused and the judge found for the plaintiff. Upon a report to the Appellate Division it was ordered that the report be dismissed, from which order the defendant appealed.

Apart from the question whether the plaintiff is precluded from recovery on the ground that the pastor had no authority to act for the church, or on the ground that the plaintiff acted both for the defendant and the church, we are of opinion that upon the facts stated in the report there was no evidence to warrant a finding that the plaintiff was the efficient cause of the sale. It is apparent that it was an independent transaction between the persons representing the church and the defendant with which the plaintiff had nothing whatever to do. It follows that the request, in effect that the plaintiff could not recover, should have been granted. *Whitcomb* v. *Bacon*, 170 Mass. 479, 481. *Hall* v. *Grace*, 179 Mass. 400. *Cohen* v. *Ames*, 205 Mass. 186. *Viking Manuf. Co.* v. *Smith*, 226 Mass. 10, 12. *Blanchard* v. *Liberty Trust Co.* 234 Mass. 128. *Des Rivieres* v. *Sullivan*, 247 Mass. 443.

The order of the Appellate Division must be reversed and judgment entered for the defendant.

*So ordered.*