JOHN GLENDON *vs.* EDWARD G. PYNE & others.

Middlesex.    January 19, 1931. — June 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Broker,* Commission.

A verdict should have been ordered for the defendant in an action for a commission by a broker against an owner of a tract of land, on evidence that the defendant offered the plaintiff a chance to earn a commission of a certain percentage on the sale price of the whole or part of the land, subject to "prior sale," and assured him that he would receive his commission if his customer should buy the property; that no definite sale price was fixed; that the plaintiff showed

a customer a part of the land, but the customer refused to purchase it; and that, several months later, the plaintiff not having done anything further with the customer, another part of the land, which the plaintiff had not shown to nor discussed with the customer, was sold to the customer through another broker, who received a commission: a finding was not warranted that the plaintiff was the efficient cause of the sale.

CONTRACT. Writ dated June 22, 1928.

The action was tried in the Superior Court before *Macleod*, J. Material evidence is stated in the opinion. The judge denied motions by the defendants that verdicts be ordered in their favor. There was a verdict for the plaintiff in the sum of $1,135. The defendants alleged exceptions.

*J. A. Daly*, for the defendants.

*J. D. Graham*, for the plaintiff.

WAIT, J. An enforceable contract between a real estate broker and his employer comes into existence when an agreement for employment is made between them and a consideration is paid; or when an offer of employment is accepted by complete fulfilment of the terms of the offer on the part of the broker. The law requires as requisite to recovery that the broker either perform fully what he has been hired to do where a binding contract on present consideration has been made, or that he be the efficient cause of a completed sale when the contract is the outcome of an offer and acceptance by service. A liability to pay the broker's commission may also exist in consequence of unethical conduct of the employer which results in preventing full performance by the broker although the benefit which the employer sought from the broker's exertion is obtained by him. *Elliott* v. *Kazajian*, 255 Mass. 459, and cases there cited.

In the case before us there is no evidence to support a finding of a binding contract upon a present consideration, nor of unethical conduct of the employer. The broker's right to recover turns upon whether the evidence, as matter of law, will support a finding that he was the efficient cause of a completed sale. The evidence taken most strongly in his favor would support findings as follows: The plaintiff,

a real estate broker, was offered the chance of earning a commission of five per cent of the price obtained on the sale of a tract of land in whóle or part, and was assured: "you will get your commission if your customer buys the property, as we always take care of our brokers." The offer was not exclusive. His right to a commission was subject "at all times to prior sale." No definite price was fixed for sale by him. He brought the attention of the party who eventually purchased to a part of the land and went upon that part with his prospective buyers and with one of the owners in an effort to make a sale. The prospective buyers then refused to purchase. They were not then shown the remainder of the land and no discussion of a purchase of the tract later sold to them took place. The plaintiff never obtained an offer from this customer, and did nothing further in the matter with the customer after this break in negotiations. He was advised by the defendants not to hurry his customers who needed time to raise money. Months afterward another broker, who testified that he had not known of the plaintiff's action, interested the same customer in a purchase of another part of the entire tract, a price was agreed upon with the owners, and a sale of that part was completed. A commission was paid in part to this second broker, and in part to an employee in the office of the owners.

The mere fact that the ultimate purchasers were persons first interested in the owners' land by the plaintiff is not controlling. *Ward* v. *Fletcher*, 124 Mass. 224. *Smith* v. *Kimball*, 193 Mass. 582. *Whitcomb* v. *Bacon*, 170 Mass. 479. If they absolutely abandoned the original purpose to negotiate for the land and in good faith no longer dealt with the plaintiff but took up the matter afresh with another broker as an independent negotiation, the plaintiff, as matter of law, was not the efficient cause of the completed sale. *Nichols* v. *Atherton*, 250 Mass. 215. *Delaney* v. *Doyle*, 267 Mass. 171. The evidence does not go far enough to warrant finding the plaintiff to have been the efficient cause of the sale. The defendants' motion for a directed verdict in their favor should, therefore, have been granted. The ex-

ception to the refusal is sustained. The case has been fully tried, no injustice appears, and pursuant to G. L. c. 231, § 122, the order will be

*Judgment for the defendants.*