JOHN T. BURNS & SONS INCORPORATED *vs.* HOWARD A. HANDS & another.

SAME *vs.* FLORENCE M. TEMPLE.

Middlesex.      March 8, 1933. — June 28, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Broker*, Commission.

A finding was not warranted that a real estate broker was the efficient cause of sales of land and he therefore was not entitled to a commission from either of two landowners for procuring the sales, where it appeared that he showed one of the owners, who desired to exchange his house for another, two houses in another town which the other owner desired to sell; that the broker showed the second owner the house of the first owner, as a result of which the second owner offered to take it at a certain valuation for "one of his houses"; that the first owner, who had examined a third house of the second owner in the absence of the broker, was then shown that house by another broker, whereupon the owners executed and performed a contract whereby that house was sold to the first owner and the second owner took in exchange the first owner's house at such valuation; and that the first broker never made any effort to get the owners together as to the third house of the second owner.

Two ACTIONS OF CONTRACT. Writs in the District Court of Newton dated, respectively, March 23, 1932, and March 24, 1932.

The actions were heard together in the District Court by *Weston*, J. Material evidence is stated in the opinion. The judge found for the plaintiff in the first action in the sum of $260, and for the plaintiff in the second action in the sum of $444; and reported the actions to the Appellate

Division for the Northern District. In each action, the finding for the plaintiff was vacated and judgment was ordered for the defendant. The plaintiff appealed in each action.

*J. J. Flynn*, for the plaintiff.

*P. H. Ready*, for the defendants.

LUMMUS, J.   These are two actions of contract, tried together, to recover from the defendants in the first case (hereinafter spoken of as Hands) $260, and from the defendant in the second case (hereinafter spoken of as Temple) $444, as a real estate broker's commissions upon the sale by the defendants to each other of certain real estate. The trial judge found for the plaintiff in each case. The only question at issue was whether the plaintiff was the efficient cause of the sales. The Appellate Division reversed the decision, and ordered judgment for the defendants in each case, on the ground that the trial judge should have ruled, as requested by the defendants, that there was no evidence that the plaintiff was the efficient cause of the sales. *Jones* v. *Clark*, 272 Mass. 146.

Temple desired to sell several houses in Wellesley. Hands desired to exchange a Watertown house for a larger house elsewhere. The plaintiff, who had no exclusive agency for either, showed Hands two houses belonging to Temple on Tennyson Road and Whittier Road in Wellesley. During the showing of these houses the plaintiff pointed out to Hands at a distance the "Cape Cod" house owned by Temple on Fairbanks Avenue in Wellesley, which Temple subsequently exchanged for the Watertown house, but Hands did not then examine it. Later, Hands examined the "Cape Cod" house in the absence of the plaintiff, and told the plaintiff that the "Cape Cod" house was very satisfactory but that its price, $12,500, was somewhat high. While the parties were talking about the Whittier Road house, the plaintiff induced Temple to examine the Watertown house, and as a result Temple offered to take the Watertown house at a valuation of $6,500 in exchange for "one of his houses." No one else ever showed the Watertown house to Temple. The plaintiff never talked

to Temple about a purchase by Hands of the "Cape Cod" house, and never made any effort to get Temple and Hands together as to that house. The plaintiff had other houses which it showed to Hands in the endeavor to make a sale.

With matters in this situation, another real estate broker named Ready came to Hands, said that he had sold for Temple the Whittier Road house, and took Hands to the "Cape Cod" house. There Hands and Temple, after some negotiation, signed a contract for the sale of the "Cape Cod" house to Hands for $11,100, Temple to take the Watertown house in exchange at a price of $6,500, which contract was performed.

Complete analysis of the rights of the parties is not required, for one point common to the two cases determines them in favor of the defendants. The offer which an owner of property makes to a broker listing the property for sale is ordinarily to pay a commission upon the accomplishment by the broker of a specified thing. *Elliott* v. *Kazajian*, 255 Mass. 459. *Walsh* v. *Grant*, 256 Mass. 555, 557. *Glendon* v. *Pyne*, 275 Mass. 528, 529. Ordinarily that thing is the procurement of a customer able, ready and willing to buy on the owner's terms. *Walker* v. *Russell*, 240 Mass. 386. *Simon* v. *Meyer*, 261 Mass. 178. *Frankina* v. *Salpietro*, 269 Mass. 292. *Higgins* v. *Ginsburg & Goodman, Inc.* 278 Mass. 497. *Herbert* v. *Jaffe*, 281 Mass. 202. Sometimes it is the completion of a contract of sale or a transfer of title, upon specified terms or upon terms acceptable to the owner. *Cadigan* v. *Crabtree*, 179 Mass. 474, 484. *Cohen* v. *Ames*, 205 Mass. 186, 187, 188. *Carpenter* v. *Blake*, 251 Mass. 47. *Goldman* v. *Eisenberg*, 256 Mass. 566. *Goldstein* v. *Ziman*, 259 Mass. 430. *Zakszewski* v. *Kurovitzky*, 273 Mass. 448. Whatever be the thing that must be accomplished in order to earn a commission, the offer of the owner, in the absence of express words or plain indication to the contrary (*Wheelock* v. *Globe Construction Co.* 195 Mass. 456, 460), will not be construed as an offer to pay a commission if the efforts of the broker shall be merely a contributing cause of its accomplishment. If that were enough, several independent brokers might earn

separate commissions upon one transaction. The broker must show that his efforts were the efficient cause, or, as it is sometimes put, the predominating efficient cause, of the accomplishment of that which the offer required as the basis of a commission. *Whitcomb* v. *Bacon,* 170 Mass. 479. *French* v. *McKay,* 181 Mass. 485. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 20. *Cole* v. *Van Etten,* 263 Mass. 278. *Palmer* v. *Cherney,* 270 Mass. 551, 556.

The Appellate Division was right in its rulings. It is clear that the efforts of Ready, not those of the plaintiff, were the efficient cause of the sales. *Ward* v. *Fletcher,* 124 Mass. 224. *Nichols* v. *Atherton,* 250 Mass. 215. *Delaney* v. *Doyle,* 267 Mass. 171. *Almon* v. *Donlan,* 268 Mass. 76. *Palmer* v. *Cherney,* 270 Mass. 551. *Glendon* v. *Pyne,* 275 Mass. 528. *Bresnahan* v. *Brighton Avenue Baptist Church,* 279 Mass. 300, 308.

> *Order of judgment for the defendant in*
> *each case affirmed.*