Cavan, J.
This is an action of contract to recover a commission for the sale of real estate. The defendant’s answer is a general denial.
The trial judge found for the plaintiff, on evidence of which the following* is a summary: The defendants employed the plaintiff, a real estate broker, to find a customer for their property, at No. 122 Walnut Street, Natick, Massachusetts, at a price of $18,000. The defendants did not constitute the plaintiff an exclusive broker, and reserved to *184 themselves the right to make a sale of the premises. James P. MeCole saw an advertisement which the plaintiff caused to be published in the issue of the Boston Sunday Herald for October 26,1947, which was as follows: 11 Small modern home with greenhouses and abont two acres. Fine established business.” Nothing as to the location of the premises was published. On the same day, through arrangements made by the plaintiff’s associate, MeCole was shown the property by the defendants. He liked it. It was just the kind of property that, for a long time, he had been looking for, and he said that he would go home, talk the matter over with his wife and see if he could raise the money. MeCole had not been requested or authorized by the plaintiff to communicate to others the fact that this property was for sale. He was, at the time, working as a landscape man for Maidastone Gardens, Inc., a Massachusetts corporation, and on October 29, 1947, after having described the property in question to an officer of the corporation, he and said officer viewed the premises. On November 7, 1947, the defendants and the said corporation executed an agreement for the sale of the property for $18,000 and on December 9, 1947, the defendants conveyed the property by deed to the corporation.
At the time of the hearing, April 1, 1948, Maidastone Gardens, Inc. had been incorporated for over a year. The number of its shares issued and outstanding was 1340, of which 22 were owned by MeCole, and were sold to him in the latter part of December, 1947.
MeCole and his wife are occupying said property, and he is working there as an employee of said corporation, which pays him a salary.
The case is reported on the question, whether or not, as a matter of law, the evidence warrants the finding.
The plaintiff’s customer was MeCole. The defendants sold the property to Maidastone Gardens, Inc. “Whatever *185 be the thing that must be accomplished in order to earn a commission, the offer of the owner, in the absence of express words or plain indication to the contrary, will not be construed as an offer to pay a commission if the efforts of the broker shall be merely a contributing cause of its accomplishment.” John F. Burns & Sons v. Hands, 283 Mass. 420 at 422.
In making his finding for the plaintiff, the trial judge stated: “I rely upon the statement of Rugg, C. J. in Holton v. Shepard, 291 Mass. 513 at pages 520, 522, that the broker is entitled to his commission ‘where others become associated in the purchase with such customer as the important factor, ’ ” and further, “my decision is based upon the community of interest of McCole and the Corporation that took title to the property and employs McCole.”
In the purchase of this property, the said corporation was not acting as the agent of McCole. The agreement for the sale of the property, and the deed of transfer were exclusively between the defendants and said corporation. The continuance of McCole in the employ of said corporation, his occupancy of said property as an employee and the purchase by him of 22 of the 1340 shares of the capital stock of said corporation do not constitute him a purchaser from the defendants of said property.
The evidence set forth in the report does not show that the plaintiff’s efforts were the predominating, efficient cause of the sale of the defendants’ property, and as a matter of law, the evidence does not warrant the judge’s finding for the plaintiff.
It is unnecessary to consider the defendants’ objection to the admission of evidence which the judge did not take into consideration in making his finding.
The finding for the plaintiff is to be vacated, and judgment is to be entered for the defendants.