HENDERSON & BEAL, INC. *vs.* WILLIAM SAITZ.

Suffolk. May 9, 1951. — June 27, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Broker*, Commission. *Proximate Cause.*

A finding that a real estate broker was the efficient cause of a sale of a garage and was entitled to a commission was warranted by evidence that after securing terms of sale from the owner the broker talked with the president of a corporation concerning the garage and reported his conversation to the owner, that subsequently the treasurer of the corporation visited the garage and saw the owner, and that thereafter, without the broker being present at the final bargain, a contract was made for sale of the garage to the treasurer "or his nominee," pursuant to which the garage was conveyed to three persons who bought it for the corporation.

CONTRACT. Writ in the Superior Court dated April 30, 1947.

The action was tried before *Dowd*, J.

*J. C. Johnston*, for the defendant.

*Lee M. Friedman*, for the plaintiff.

LUMMUS, J. The defendant owned a garage in the Roxbury district of Boston. The plaintiff was a real estate broker, and one Kaplan was its agent. On January 2, 1947, the defendant conveyed the property to three women who bought it for Rawding Lines, Inc., a corporation, and paid $76,000.

In this action for a broker's commission of $2,420, the judge denied the defendant's motion for a directed verdict. After a verdict for the plaintiff, the judge denied the defendant's motion that a verdict be entered in his favor under leave reserved. Exceptions to these denials present the only question before us, which is whether the evidence warranted a verdict for the plaintiff.

The evidence in favor of the plaintiff may be summarized

as follows.   Kaplan visited the defendant at the garage in
February, 1946, told the defendant that he had prospective
customers for the garage, and asked whether it was for sale.
The defendant said it was.   Asked how much he wanted for
it, the defendant answered "$80,000."   Kaplan examined
the garage, and got a description of it.   Between March 1,
1946, and July 9, 1946, Kaplan brought five different
prospective customers to the garage, and introduced them
to the defendant, but none of them bought.   About October
3, 1946, after seeing an advertisement in a newspaper that a
garage was wanted, Kaplan telephoned to one Thomas,
president of Rawding Lines, Inc., at the number given in
the advertisement.   In a second conversation between
Kaplan and Thomas in which the defendant's garage and
its desirability were discussed, Thomas said that he would
turn the information over to one of his associates.   Kaplan
told the defendant about his conversation with Thomas,
and the defendant asked Kaplan to bring Thomas to him.

Subsequently one Rawding, treasurer of Rawding Lines,
Inc., visited the garage, and saw the defendant, some weeks
before an agreement of sale was made.   On November 30,
1946, the defendant entered into a written agreement of the
sale of the garage to Rawding "or his nominee," title to be
passed on or before January 2, 1947.   The defendant con-
veyed the garage on January 2, 1947, pursuant to the agree-
ment, to the three wives of the incorporators of Rawding
Lines, Inc.

The sole contention of the defendant is that the evidence
did not warrant a finding that the efforts of the plaintiff,
through Kaplan, were the predominant efficient cause of the
sale, instead of a mere contributing cause.   *John T. Burns
& Sons Inc.* v. *Hands*, 283 Mass. 420, 423.   *Sherman* v.
*Briggs Realty Co.* 310 Mass. 408, 412.   It is unimportant
that the title was taken in the names of the three women.
*Thornton* v. *Forbes*, 326 Mass. 308, 311.   If the plaintiff
was the predominant efficient cause of the sale, its right to
a commission is not lost by the fact that the sale was made
directly between the owner and the purchaser, and the

plaintiff had no part in the final negotiation. *Johnstone* v. *Cochrane*, 231 Mass. 472, 478. *Corleto* v. *Prudential Ins. Co.* 320 Mass. 612, 617. *Siegel* v. *Lowe, ante*, 154, 155. The defendant contends that one McGrail, now deceased, a gasoline salesman, was the predominant efficient cause of the sale. But the jury were not bound to believe the evidence tending to support that contention. There is no question that the plaintiff was the first to approach those interested in Rawding Lines, Inc., on behalf of the defendant. It could be found that the plaintiff was the predominant efficient cause of the sale.

*Exceptions overruled.*