JAMES H. ALPHEN *vs.* ALONZO J. SHADMAN.

Suffolk.    October 7, 1953. — December 8, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Broker*, Commission. *Proximate Cause. Practice, Civil*, Exceptions: whether error harmful. *Error*, Whether error harmful.

Evidence did not warrant a finding that the efficient cause of a taking of a certain parcel of land by a housing authority was the efforts of a real estate broker who never presented the matter of taking the land to the authority officially but merely conferred with one of the members of the authority about the land and inspected it with him and spoke to another member and to the authority's attorney about it, or a finding that the broker earned a commission which the owner of the land had promised to pay him if his efforts induced the authority to take the land. [609–610]

A party was not harmed by the exclusion of evidence where substantially the same evidence was subsequently admitted through the same witness. [611]

CONTRACT.    Writ in the Superior Court dated August 4, 1950.

The action was tried before *Nagle,* J.

*Frank G. Lichtenstein & George A. Goldstein,* for the plaintiff, submitted a brief.

*Robert W. Meserve, (Harrison F. Lyman, Jr.,* with him,) for the defendant.

RONAN, J.    The plaintiff, a broker, alleges in this action of contract brought to recover a commission amounting to $4,000 that the defendant promised to pay him "if the efforts of the plaintiff were successful in inducing the Boston Housing Authority to take said land," and that as a result of his efforts he did induce the authority to take the land by eminent domain. The judge, at the close of the plaintiff's evidence and subject to the exception of the plaintiff, directed the jury to return a verdict for the defendant.

There was no error.

There was evidence that in October, 1947, the defendant engaged the plaintiff, a broker, to find a purchaser for the defendant's land or, if possible, to induce the Boston Housing Authority to take the land by eminent domain, and promised, if the efforts of the plaintiff resulted in a taking being made, to pay him a commission of $4,000. The plaintiff within a day or two conferred with one Cronin about the land. The latter was a member of the Boston Housing Authority, hereinafter called the board. Cronin became its chairman in January, 1948. Cronin inspected the land with the plaintiff. This was the first time it had been brought to Cronin's attention. He advised the plaintiff to submit the matter officially to the board. The plaintiff also spoke about the land to Carroll, another member. Cronin told the plaintiff in January, 1948, that he felt fairly certain the board would acquire the land by a taking. Cronin mentioned the land at a meeting of the board.

The Boston Housing Authority consisted of five members. See G. L. (Ter. Ed.) c. 121, § 26K, as appearing in St. 1946, c. 574, § 1. They comprised a board of public officers, *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, *Collins* v. *Selectmen of Brookline,* 325 Mass. 562, who must make official decisions, such as are involved in a taking of land, by at least a majority vote taken at a duly constituted meeting of the board. They cannot act separately or individually but must act jointly and collectively in determining the decision of the board. *Carbone, Inc.* v. *Kelly,* 289 Mass. 602, 605. *Lawrence* v. *Stratton,* 312 Mass. 517, 521. *Kenney* v. *McDonough,* 315 Mass. 689, 693–694. *Attorney General* v. *Ware,* 328 Mass. 18, 24.

The burden was upon the plaintiff to show that he had successfully completed the task which he had undertaken in behalf of the defendant and was entitled to receive the promised consideration. In other words, he had to prove that he was the predominating effective cause which brought about the taking of the defendant's land. The plaintiff never attended any meeting of the board. He never com-

municated with the board with reference to the defendant's land. Cronin could not act as a secret agent of the plaintiff and also as a member of the board. *Clover Hill Hospital, Inc.* v. *Lawrence,* 315 Mass. 284, 285. There is no contention that he did. Cronin advised the plaintiff to present the matter officially to the board but the plaintiff failed to do so. Cronin never expressed any opinion about the desirability of acquiring the defendant's premises although he told the plaintiff in January, 1948, that he felt fairly certain that the board would make a taking of the land. Cronin never agreed or promised to recommend the taking. He did nothing more than mention the land at a meeting of the board. The record does not disclose what he said. The board voted in July, 1948, to take the defendant's premises as the site for a housing project. No record of any vote was introduced in evidence. Indeed, there was no evidence that Cronin voted in favor of the taking. The plaintiff testified that he spoke to Carroll about the land. Carroll was not called as a witness and the plaintiff did not state what was said between them. The plaintiff also testified that he spoke to one Connelly, the attorney for the board. What was said between them did not appear. Connelly was not authorized to commit the board to any action relative to the taking.

The plaintiff, of course, could have appeared before the board and set forth the various advantages, if any, which he thought the defendant's premises possessed for the erection of a housing project and could have urged that the land be acquired. See *Dansereau* v. *Houlihan,* 296 Mass. 310. Compare *Adams* v. *East Boston Co.* 236 Mass. 121. He could have endeavored to convince the board that the exercise of sound judgment and wise discretion in the interest of the public welfare required the making of the taking. Nothing done by Cronin so far as appears impelled the board to that conclusion. We do not know what induced the board to acquire the land. The evidence does not support a finding that the efforts of the plaintiff were the predominating efficient cause. *Nichols* v. *Atherton,* 250 Mass.

215, 219. *Field* v. *Hamm,* 254 Mass. 268. *Delaney* v. *Doyle,* 267 Mass. 171, 177. *John T. Burns & Sons Inc.* v. *Hands,* 283 Mass. 420, 423. *Brooks* v. *Gregory,* 285 Mass. 197, 202. *Holton* v. *Shepard,* 291 Mass. 513, 516. *Kacavas* v. *Diamond,* 303 Mass. 88, 92. *Berwin* v. *Cable Raincoat Co.* 311 Mass. 483. Compare *Siegel* v. *Lowe,* 327 Mass. 154, 155; *Henderson & Beal, Inc.* v. *Saitz,* 327 Mass. 523, 524–525.

The plaintiff was not harmed by the exclusion of evidence as substantially the same evidence was subsequently admitted by the same witness. *Whalen* v. *Shivek,* 326 Mass. 142, 153. *Klein* v. *Fox,* 329 Mass. 623, 625.

*Exceptions overruled.*