*Northern District*

No. 4884

*First District Court of Essex*

No. 6205 of 1954

## FRANCIS DES JARDINS

v.

## LOUIS C. FERRIERO ET AL

(October 25, 1955)

*Connelly, J.* This is an action of contract, heard before (*Johnson, J.*) with a count in *quantum meruit*, to recover a commission on the sale of land and buildings of the defendants. The answer is a general denial and payment.

*There was evidence tending to show that* the plaintiff was employed by the defendants to procure a purchaser for three parcels of real estate. One of these parcels was a house and lot on Laurel Street,

which is the parcel involved in this action and for which the plaintiff claims a commission on its sale, and another parcel was a house and lot on Oakhurst Street. On September 23, 1954, the plaintiff introduced one L. to the defendants in an attempt to sell the Oakhurst Street house. No mention was made of the Laurel Street house. It was not for sale at this time as the defendant had entered into a written agreement to sell it to another person. Nothing came of the sale of the Oakhurst Street house as L. decided the next day that he did not care to buy it. On October 9, 1954, the sale of the Laurel Street house also fell through and the defendants themselves then advertised it for sale. The plaintiff saw this advertisement and telephoned the defendants and inquired about the house. Later the defendants sold the Laurel Street house directly to L. The plaintiff admitted at the trial that he had nothing to do with the sale of the Laurel Street house outside of introducing L. to the defendants in connection with the Oakhurst Street house, and further that he had done nothing in the sale of the Laurel Street house to L. There was evidence that up to September 23, 1954, the plaintiff tried to obtain a purchaser for the Laurel Street house and that he had advertised that property prior to that date.

The plaintiff filed twenty-three requests for rulings all of which were allowed except the following, which were denied by the Court:

"1. On all the evidence, the plaintiff is entitled to [a finding.]

3. The plaintiff having secured and introduced a buyer to the defendant, and that buyer being ready, willing and able to purchase the property set forth in the hiring, the plaintiff was entitled to the full commission regardless of whether the defendant ultimately made the sale or not.

4. The plaintiff having been employed by the defendant as a realty broker to procure for him

a customer for a parcel of realty and that broker having advertised and through his efforts obtained a prospective buyer to whom the defendant sold a parcel of realty within thirty days or a shorter period, the plaintiff is the initiating cause of the sale as a matter of law and is entitled to his commission.

5. The defendant having employed the plaintiff as realty broker to procure for him a customer for any or all of three parcels of realty owned by the defendant, and the plaintiff having brought the customer to the defendant and shown him one of three parcels within a reasonable time, or within ten days, and that customer having been unknown to the defendant prior to the introduction by the plaintiff, he is entitled to his commission regardless of whether he was present at the sale, knew of it, and regardless of whether the terms were similar to those set forth in the hiring.

6. The seller of property is held liable to pay the commission to the broker whose services he had accepted and who had introduced him to and brought him into negotiations with an ultimate buyer and which broker is ready to continue his services until a sale is completed.

8. The broker's calling the customer's attention to the principal's property and the principal's ultimate sale to that customer are sufficient to raise the inference that the purchase was in consequence of the broker's efforts."

The Court made the following findings:

"1. The plaintiff was in no way the efficient cause of the sale of the Laurel Street house to L, nor was the plaintiff the original cause of the sale involved.

2. The plaintiff did nothing with reference to the Laurel Street house.

3. L purchased the Laurel Street house as a result of the ad placed by the defendants and as

a result of the sole efforts of the defendants; and found for the defendants."

The only issue in this case is whether the plaintiff was the efficient cause of the sale of the Laurel Street property to L. There is no exclusive agency here and the defendants had the right to sell the property themselves. There is no issue of bad faith involved. It is true that the plaintiff had previously introduced L. to the defendants in connection with the sale of another house, the Oakhurst Street property, but he had never done anything towards the sale of the Laurel Street house, except to carry it in his advertising previous to September 23, 1954. He had never spoken to L about the Laurel Street property and had never shown it to him. The burden of proving that he was the efficient cause of the sale is on the plaintiff. *Holton v. Shepard*, 291 Mass. 513.

It is well settled law in Massachusetts that the real estate broker, to justify a commission being paid to him, must show that his efforts were the efficient cause, or as it is sometimes stated, the predominating efficient cause of the sale of the property on which he claims the commission. He must go much further than merely introduce the customer to the seller, or the claim that he first interested the customer in the subject of the sale. Such efforts may be a contributing cause of the sale, but the burden is on him to prove that they were the predominating efficient cause. *John T. Burns & Sons. Inc., v. Hands*, 283 Mass. 420; *Kacavas v. Diamond*, 303 Mass. 88; *Dragone v. Dell'Isola*, 1954 AS 877.

The Plaintiff's six requests for rulings were rightly denied. The first request fails to comply with Rule 27, District Court Rules, and in view of the specific findings of fact made by the Court the remaining five requests could not be allowed.

The plaintiff having failed to prove that he was the efficient cause of the sale of the Laurel Street lot, the

*Report is to be Dismissed.*

Robert W. Katz, for the plaintiff.
John P. Regan, for the defendant.