MANN, Judge.
Cotton’s counsel contends that his client has earned this commission twice. The Circuit Court concluded that he had earned it once. The countdown continues.
Kernjack told Cotton that he wanted to sell some acreage in Collier County at a certain price. Cotton promptly found a purchaser at Kernjack’s price, but the proposed contract provided for release of non-contiguous parcels for a specified higher sum per acre, the excess to be treated as a prepayment on the next accruing installments. So far, no earned' comission: the conditions as well as the price must be acceptable. McAllister Hotel, Inc. v. Porte, 98 So.2d 781 (Fla.1957).
Kernjack’s attorney wrote that the deal would be acceptable if the released parcels were contiguous, and proposing other details which would make the proposition acceptable to Kernjack. The following day Cotton called Kernjack directly and told him that his buyer might not accept the terms proposed. This conversation, by the uncontradicted testimony, ended in Kern-jack’s getting angry and calling the deal off. That same day Cotton secured the buyer’s assent to the conditions proposed by Kernjack and forwarded a deposit and proposed contract signed by the buyer.
No sale ever resulted. This is not a case in which the seller bypasses the broker, like Mellet v. Henry, 108 So.2d 69 (Fla.App.1959). It is not a case of bad faith termination of a written brokerage agreement, like Alex D. Smith Real Estate v. Gables Venetian Waterways, Inc., 98 So.2d 372 (Fla.App.1957). It is a case in which a broker claims a commission for finding a purchaser ready, willing and able to buy on terms acceptable to the seller, as in McAllister Hotel, Inc. v. Porte, supra. But by the time Cotton got the buyer in a mood to accept Kernjack’s terms they were no longer acceptable to Kernjack and Cotton admits knowing it. See 3 Fla.L. & Prac., Brokers and Brokerage, § 11.
Reversed and remanded for entry of judgment for the defendant.
LILES, C. J., and HOBSON, J., concur.