PER CURIAM.
Appellants, David Fenton and David Muskat, plaintiffs below, seek reversal of a judgment in favor of appellee-defendant, Bancroft Hotel Associates, Inc., in an action to recover a real estate brokers’ commission.
*68 Appellants were given on oral, non-exclusive listing to sell the Bancroft Hotel, an ocean front Miami Beach hotel owned by appellee. The only terms of the sale contained therein were the purchase price, $1,500,000, and a down payment of approximately 29% or $400,000 which was subject to change. A commission for the appellants was generally discussed and it was agreed that a commission would be paid. Mr. Selby and Mr. Saglio were the two prospects appellants found that were interested in the deal, and a meeting was arranged between appellee and the prospective purchasers. A meeting was held to discuss and negotiate the many terms inherent in a sale of this nature, and only after a full meeting of the minds was reached would the formal sales contract be drawn. During the meeting appellee, for the first time, required that the sale be by way of a purchase of its corporate stock rather than by a sale of the real estate. The prospective purchasers’ attorney advised that the stock transaction would make the sale more complex, but it was not an insurmountable obstacle and it was agreeable. Thereafter, two hours were spent discussing other terms of the transaction including closing, inspections and warranties with no concrete decisions reached. The meeting ended with the tentative scheduling of another meeting. In the interim, however, the purchasers’ accountant advised that the deal was not worthwhile and following his advise, the prospective purchasers dropped the deal. Appellants claim their commission and contend that they produced a purchaser ready, willing and able to buy but due to the sale of stock requirement demanded by appellee the deal was frustrated. At trial, verdict and judgment were entered in favor of appellee.
The general rule is that to entitle a broker to his commission, he must accomplish what he undertook to do in his contract of employment. He is not entitled to compensation for unsuccessful efforts. 5 Fla.Jr. Brokers § 41 (1955).
This is a case in which a broker claims a commission for finding a purchaser ready, willing and able to buy on terms acceptable to the seller but no final agreement was ever reached between the seller and purchaser. No sale of the hotel was consummated. In a transaction of this nature involving the sale of a Miami Beach hotel in excess of one million dollars, a tremendous number of details must be worked out. The facts indicate that the parties never proceeded beyond the negotiating table. The mere agreement between the parties on the purchase price is not sufficient to entitle the broker to a commission. McAllister Hotel, Inc. v. Porte, Fla.1957, 98 So.2d 781; Froedtert v. Haines, 5 Cir., 142 F.2d 338; Hughes v. Daniel, 187 Ala. 41, 65 So. 518; Skene v. Carayanis, 103 Conn. 708, 131 A. 497; Herbert v. Jaffe, 281 Mass. 202, 182 N.E. 259; Glendon v. Pyne, 275 Mass. 528, 176 N.E. 602. The conditions of the sale as well as the price must be acceptable in order to justify a broker’s commission. McAllister Hotel, Inc. v. Porte, supra; Kernjack v. Joe Cotton Realty Corp., Fla. App.1968, 216 So.2d 18.
Appellants’ contention that the appellee’s desire for the sale of the corporate stock prevented the eventual consummation of the transaction is without merit. The attorney representing the prospective purchasers stated that the new condition was no hinderance and that the purchasers were amenable to it if the many other details of the deal could be satisfactorily resolved.
The record fails to indicate that the purchasers were in fact ready, willing and able to buy under the rules set out in McAllister Hotel, Inc. v. Porte, supra; Kernjack v. Joe Cotton Realty Corp., supra.
Therefore, for the reasons above stated, the judgment is hereby affirmed.
Affirmed.