MANN, Chief Judge.
Giles sued to recover a commission allegedly earned by finding a buyer for New-comb’s property on agreeable terms. At the close of the plaintiff’s case, the trial judge granted a directed verdict, stating that the uncontroverted evidence was that the seller had removed his property from the market and, therefore, was not obligated to pay a commission to the broker for later finding a ready, willing and able buyer. If this were so, the case would be like Kernjack v. Joe Cotton Realty Corp.[1] We do not think that the evidence of removal of the property from the market is uncon-troverted. There is sufficient evidence to submit the issue whether the withdrawal was, in fact, made. There is some evidence from which the trier of fact might believe that after Newcomb told the prospective buyer that the property had been sold (although it had not been sold), he told the broker that it was still for sale to that buyer.
The second reason given by the trial judge for directing a verdict for the defendant was that the conditions were not met. Again, we found the evidence ambiguous and not susceptible of resolution on motion for directed verdict. Accordingly, the judgment appealed from is
Reversed and remanded.
HOBSON and BOARDMAN, JJ„ concur.

. Fla.App.2d 1968, 216 So.2d 18.