PER CURIAM.
This is an appeal from a final judgment awarding a commission to a real estate broker for allegedly producing a buyer ready, willing and able to buy certain property on terms specified by the seller. We have carefully and painstakingly examined the evidence in the record of the trial below to determine whether sufficient evidence exists to support this judgment. We have concluded after an exhaustive review of the record that no such evidence exists and reverse.
The fatal flaw in the real estate broker Seaside Realty’s case below is that it had only a vague, verbal listing agreement to sell a Miami Beach hotel from the owner, Croyden Arms Apartment Hotel Corporation. This was clearly a complex transaction and many details concerning the sale had to be worked out by negotiation between the owner and any prospective purchaser; the verbal listing agreement here omitted these details. When the negotiations for the sale of the hotel in the instant case broke down, the seller Croyden Arms Apartment Hotel Corporation was under no obligation to pay a brokerage commission. McAllister Hotel, Inc. v. Porte, 98 So.2d 781 (Fla.1957), cert. dismissed, 102 So.2d 727 (Fla.1958); Fenton v. Bancroft Hotel Associates, Inc., 265 So.2d 67 (Fla. 3d DCA 1972). The final judgment under review is, therefore, reversed and the cause is remanded to the trial court with directions to enter a final judgment for the defendant Croyden Arms Apartment Hotel Corporation.
Reversed and remanded.