PER CURIAM.
Appellant, Harry Crowell, appeals from a final judgment awarding appellee, Investment Realty Center, a real estate commission for the sale of Crowell’s property.
Viewing the evidence in a light most favorable to the judgment, it appears that Investment initially had an open listing contract with Crowell to sell the property. Crowell was in arrears in his mortgage payments approximately $60,000 and was anxious to conclude a sale. Investment obtained a contract to purchase shortly after being employed and presented it to Crowell, who modified its terms somewhat and returned the counteroffer to Investment for delivery to the proposed purchaser. Investment’s salesman advised that he didn’t know if the counteroffer would fly, but he would present it. On that same occasion the salesman suggested that Cro-well should allow Investment to “market” the property on an exclusive basis, which would enhance the opportunity to sell by working with other brokers. The salesman testified that he had Crowell sign the exclusive agreement, which is in evidence, after explaining all of its terms to Crowell, including the seven and one-half percent commission to which Crowell demurred somewhat but signed. The following day Investment wrote Crowell and thanked him for giving it the exclusive contract. The contract in question, which is incorporated in the dissenting opinion, has two sides. The front side contains pertinent information and essential terms of the proposed sale. It also directs one to “See Reverse Side For Additional Terms.”
There is unquestionably contradictory evidence adduced by Crowell. He testified that he did not realize he was signing an exclusive contract; that the salesman never explained that to him. He points to the anomaly of his signing the exclusive contract with a seven and one-half percent commission on the same day that he delivered the counteroffer to the salesman containing a three and one-half percent commission. He says that, upon receiving Investment’s letter of gratitude for the exclusive contract, he called Investment and denied that he had signed such a contract.
Were we the trial judge, we might well have been persuaded by Crowell’s contentions. They are not illogical. However, the trial judge observed the witnesses and he was persuaded by Investment’s case. The issues drawn here were factual ones to be resolved in the discretion of the trial judge. We thus conclude that, regardless *908 of our own individual impressions arrived at from the cold record presented, it would be an invasion of the province of the trial judge to reverse the judgment. We believe it is supported by substantial competent evidence and thus our intervention is precluded.
Accordingly, we affirm the judgment appealed from.
DOWNEY, and STONE, JJ., concur.
POLEN, J., dissents with opinion.