COBB, Judge.
This is an appeal in a breach of contract case.
The parties entered into an exclusive listing agreement whereby appellee, a broker experienced in the sale of radio stations, agreed to sell Jack Mays’ radio station for a five percent commission of the sale price of $750,000. The listing agreement, which had a duration of, at the very least, 180 days, provided in pertinent part that appellee had the “exclusive right to sell the assets” of Mays’ radio station. The agreement also required Mays to cooperate with appellee “in effecting a sale of the station.” The agreement further provided that appellee was entitled to a commission when: 1) the station assets were sold during the term of the agreement; 2) appellee presented Mays with an offer meeting the asking price and terms and Mays declined the offer; or 3) an agreement was entered into “for the sale of the station” during the twelve-month period following termination of the agreement to a buyer solicited during the term of the agreement.
Jack Mays unilaterally cancelled the listing agreement approximately two months after the parties entered into it. Shortly thereafter, Mays entered into a lease management agreement with third parties. Appellee sued appellants for breach of contract. Following a trial, the trial court found that Mays had breached the listing agreement with appellee and that appellee was entitled to damages of $25,000 based on a five percent commission of a $500,000 offer extended while the listing agreement was still in effect.
*134 We reverse. The trial court’s finding that Mays breached the listing agreement is supported by competent, substantial evidence but its finding that appellee is entitled to a commission is not. The listing agreement between the parties provides that appellee is entitled to a commission upon a sale of the radio station. A sale of the radio station did not occur. It is well established that a broker must do what he undertook to do in his employment contract to be entitled to a commission. Fenton v. Bancroft Hotel Associates, Inc., 265 So.2d 67 (Fla. 3d DCA 1972); Wilkins v. W.B. Tilton Real Estate & Insurance, Inc., 257 So.2d 573 (Fla. 4th DCA 1971). A broker is not entitled to a commission for unsuccessful efforts, Fenton, 265 So.2d at 68, and he is required to prove his entitlement to a commission by a preponderance of the evidence. Wilkins, 257 So.2d at 574. Appellee admitted at trial that a lease management agreement is not a sale but only the first step in a sale. He also admitted that he did not sell the radio station. Nor did he obtain an offer meeting the price and terms specified in the contract.
Second, the listing agreement did not provide for a commission in the event of Jack Mays’ entry into a lease management agreement in which he retained ownership of the station. Appellee admitted at trial that he and Mays did not discuss a lease management agreement. If appellee wanted a commission upon this eventuality, he, as the draftsman of the contract, should have spelled it out. See Dahdah v. Continent Realty, Inc., 434 So.2d 997 (Fla. 3d DCA 1983); Miller, Cowherd & Kerver, Inc. v. De Montejo, 406 So.2d 1196 (Fla. 4th DCA 1981). See also Crowell v. Investment Realty Center, Inc., 597 So.2d 907 (Fla. 4th DCA 1992).
Notwithstanding the appellee’s failure to prove his entitlement to a commission, he is entitled to those out-of-pocket expenses incurred in marketing the property before Jack Mays breached the listing agreement as they are damages naturally flowing from the breach and were foreseeable by Mays when he entered into the contract. See Hadley v. Baxendale, 156 Eng. Rep. 145 (Ex. 1854); Scott v. Rolling Hills Place Inc., 688 So.2d 937 (Fla. 5th DCA 1996). Testimony was presented below as to such out-of-pocket expenditures, but the trial court, given the disposition of the ease, made no finding in this regard.
Accordingly, the final judgment in favor of appellee in the amount of $25,000 is reversed and the cause remanded to the trial court for a determination of the amount to which ap-pellee is entitled for his out-of-pocket expenses.
REVERSED AND REMANDED.
GOSHORN, J., concurs.
DAUKSCH, J., dissents, with opinion.